# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-0273V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
VINCENT ANDERSON,                      *
                                       *    Special Master Oler
                      Petitioner,      *    Filed: May 30, 2019
        v.                             *
                                       *    Petitioner's Motion for a Decision;
SECRETARY OF HEALTH                    *    Dismissal of Petition; Vaccine
AND HUMAN SERVICES,                    *    Act; Denial Without Hearing.
                                       *
                      Respondent.      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Camille Michelle Collett*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On February 27, 2017, Vincent Anderson ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that he developed brachial neuritis and complex regional pain syndrome as a result of the influenza ("flu") and pneumococcal vaccination that he received on February 28, 2014.[3] Petition ("Pet.") at 1, ECF No. 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] This case was initially assigned to now retired Special Master Hastings (ECF No. 5), followed by Special Master Corcoran (ECF No. 23), before being reassigned to my docket on June 8, 2018 (ECF No. 19).

On February 9, 2018, Respondent filed a Rule 4(c) Report. ECF No. 33. Respondent stated that Petitioner had not satisfied his burden of proof, specifically noting that Petitioner had not provided medical records or a medical expert report identifying a plausible medical theory connecting the vaccine to his conditions. *Id*. at 29. Respondent further argued that the Petitioner's records from the hip replacement hospitalization, during which time the vaccination was administered, include no mention of upper extremity pain. Finally, Respondent contends that the medical records document that Petitioner's arm symptoms may have predated his vaccinations. *Id*. Respondent concluded that "[P]etitioner has not met his *prima facie* burden to show causation-in-fact," and that the petition should be dismissed. *Id* at 30.

On July 16, 2018, Petitioner requested an opportunity to seek an expert opinion in support of his claim. ECF No. 40. I granted this request. *See* Non-PDF Order of 6/25/2018. After several requests for extensions of time, Petitioner represented that he needed additional 30 days to determine whether he wanted to request a ruling on the record or a dismissal decision. ECF No. 45. On February 22, 2019, Petitioner represented that he wished to withdraw his petition and requested another 30 days to file the appropriate motion. ECF No. 46.

On May 29, 2019, Petitioner filed the present motion to dismiss his claim, indicating that "[a]n investigation of the facts and science supporting his case demonstrated that [Petitioner] will be unable to prove that he is entitled to compensation in the Vaccine Program." *See* Petitioner's Motion to Dismiss, ECF No. 50.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim, therefore, cannot succeed and in accordance with his motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master